**JOSEPH C. HOWARD, JR. [SBN: 050784]**
**TODD H. MASTER [SBN: 185881]**
**HOWARD ROME MARTIN & RIDLEY LLP**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendants KENNETH VITORELO,
JACK AIELLO and CITY OF SAN CARLOS

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. HOWELL and SHELLEY H.K. HOWELL,<br><br>            Plaintiffs,<br><br>      vs.<br><br>KENNETH VITORELO, individually and in his capacity as a San Carlos Building Inspector; JACK AIELLO, individually and in his capacity as the San Carlos Building Official; CITY OF SAN CARLOS,<br><br>            Defendants. | Case No. C 07-06086 MMC<br><br>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** |

COME NOW Defendants KENNETH VITORELO, JACK AIELLO and CITY OF SAN CARLOS (collectively, "Defendants") and in answer to the complaint on file herein, admit, deny and allege as follows.

/ / /

/ / /

/ / /

1

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No. C 07-06086 MMC

# I.

# INTRODUCTION

1.   Defendants allege that they are without sufficient information or belief to enable them to answer the purpose of plaintiffs' lawsuit as set forth in Paragraph 1.  Defendants deny the remaining allegations in said paragraph.

2.   Defendants deny the allegations contained in Paragraph 2.

3.   Answering the allegations contained in Paragraphs 3 through 5, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraphs and, basing their denial on that ground, deny each and every allegation contained therein.

# II.

# JURISDICTION AND VENUE

4.   Answering the allegations contained in Paragraphs 6 through 8, Defendants admit that this Court has jurisdiction over Plaintiffs' alleged federal claims, that venue is proper in the Northern District, and that this lawsuit should be assigned to the San Francisco Division of this Court.

# III.

# PARTIES

5.   Answering the allegations contained in Paragraphs 9 and 10, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations in said paragraphs, and basing their denial on that ground, deny each and every allegation contained therein.

10.   Defendants admit the allegations contained in Paragraphs 11 through 14.

///

///

///

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No.  C 07-06086 MMC

## IV.

## **FACTUAL ALLEGATIONS**

11.   Answering the allegations contained in Paragraphs 15 through 20, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraphs and, basing their denial on that ground, deny each and every allegation contained therein.

12.   Defendants admit the allegations contained in Paragraph 21.

13.   Defendants deny the allegations contained in Paragraph 22.

14.   Defendants admit the allegations contained in Paragraph 23.

15.   Answering the allegations contained in Paragraph 24, Defendants deny that they conducted an inspection on December 19, 2005.  Defendants admit the remaining allegations of Paragraph 24.

16.   Answering the allegations contained in Paragraph 25, Defendants deny that they conducted an inspection on December 19, 2005.  Defendants admit the remaining allegations of Paragraph 25.

17.   Answering the allegations contained in Paragraph 26, Defendants deny that they conducted an inspection on December 19, 2005.  Defendants admit the remaining allegations of Paragraph 26.

18.   Answering the allegations contained in Paragraph 27, Defendants admit that Vitorelo was present in Plaintiffs' garage as part of his December 13, 2005 inspection of Plaintiff's furnace.  Defendants deny the remaining allegations of Paragraph 27.

19.   Answering the allegations contained in Paragraph 28, Defendants deny inspecting Plaintiffs' residence on December 19, 2005.  Defendants admit the remaining allegations contained in Paragraph 28.

20.   Defendants deny the allegations in Paragraph 29.

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

21. Answering the allegations contained in Paragraph 30, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraph and, basing their denial on that ground, deny each and every allegation contained therein.

22. Defendants deny the allegations in Paragraph 31.

23. Defendants admit the allegations in Paragraph 32.

24. Answering the allegations contained in Paragraph 33, the City admits that on November 28, 2007 it filed a Complaint for Injunctive Relief and Abatement of a Public Nuisance against Jeffrey A. Howell (the purported owner of the property) in San Mateo County Superior Court (Case No. CIV468042).  Defendants deny the remaining allegations contained therein.

25. Answering the allegations contained in Paragraph 34, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraph and, basing their denial on that ground, deny each and every allegation contained therein.

26. Defendants deny the allegations in Paragraph 35.

27. Answering the allegations contained in Paragraph 36, Defendants refer to the referenced section of the San Carlos Municipal Code and admit that San Carlos Municipal Code section 1.20.100(B) states that "[t]he notice shall provide a list of corrections needed to bring the property into compliance, a deadline or specific date to correct the violations, and an indication of the potential consequences should the property remain in violation … ."  Defendants deny the remaining allegations contained therein.

28. Answering the allegations contained in Paragraph 37, defendants deny that the City has threatened plaintiffs with escalating and ambiguous consequences for plaintiffs' failure to comply with building codes.  Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every allegation contained therein.

4

29.     Answering the allegations contained in Paragraph 38, Defendants refer to the referenced section of the San Carlos Municipal Code and admit that San Carlos Municipal Code section 1.20.100(B) states that "[t]he notice shall specify the property address, the owner's name, any responsible party's name, and the nature of the alleged violation(s), including reference to the pertinent Code section(s)." Defendants deny the remaining allegations contained therein.

30.     Defendants deny the allegations contained in Paragraph 39.

31.     Answering the allegations contained in Paragraph 40, Defendants deny failing to advise plaintiffs of the violations. Defendants admit that the City intends to seek compliance with its codes. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every allegation contained therein.

32.     Defendants deny the allegations contained in Paragraph 41.

33.     Answering the allegations contained in Paragraph 42, Defendants admit that San Carlos Municipal Code section 1.20.100(C) states that "the owner and/or any responsible person may request a hearing by the City Manager to present evidence that a Code violation does not exist." Defendants deny the remaining allegations contained therein.

34.     Answering the allegations contained in Paragraph 43, Defendants admit that plaintiffs received a Notice of Violation from the San Carlos Building Department on August 17, 2006. Defendants admit that the August 17, 2006 Notice of Violation did not contain the specific language that Plaintiffs "had a right to appeal the alleged violations to the City Manager." Defendants deny the remaining allegations contained herein.

35.     Answering the allegations contained in Paragraph 44, Defendants admit that Linda Noeske is the Deputy City Attorney for the City and represents the City in building code enforcement matters. Defendants admit that Ms. Noeske stated in her September 25, 2007 letter to Peter Brewer that it was her "understanding that [sic] determination that code violation exists is not

5

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

appealable since it is ministerial in nature" and referred Mr. Brewer to Chapter 1.25 of the City's Municipal Code. Defendants deny the remaining allegations contained therein.

36. Answering the allegations contained in Paragraphs 45 and 46, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraphs and, basing their denial on that ground, deny each and every allegation contained therein.

37. Answering the allegation contained in Paragraph 47, defendant admit that Plaintiff's gas line was too small to support the number of appliances drawing on it. Defendants deny each and every other allegation contained therein.

38. Defendants deny the allegations contained in Paragraph 48.

39. Answering the allegations contained in Paragraph 49, defendants admit that plaintiffs replaced their gas line. Defendants deny that there was no apparent avenue for appeal. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

40. Answering the allegations contained in Paragraph 50, defendants admit that Vitorelo advised plaintiffs of the requirements for the gas line. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

41. Answering the allegations contained in Paragraph 51, defendants admit that plaintiffs' gas line was replaced and that the Building Department was contacted to inspect the gas line. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No. C 07-06086 MMC

42. Answering the allegations contained in Paragraph 52, defendants admit that Vitorelo inspected the gas line on March 8, 2007 and did not approve it because of leaks in the line. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

43. Answering the allegations contained in Paragraph 53, defendants admit that Vitorelo inspected the gas line again on March 14, 2007 and did not initially approve it because of leaks in the line. Defendants deny that Vitorelo refused to provide an explanation for his actions. Vitorelo finaled the gas line later that day after it finally passed the gas test. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

44. Answering the allegations contained in Paragraph 54, defendants admit the contents of the Activity Log, but deny that Vitorelo made all of the notations in that log. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

45. Answering the allegations contained in Paragraph 55, defendants admit that Vitorelo issued a Notice of Correction on December 19, 2005 on other non-conforming items he discovered during his December 13, 2005 inspection of plaintiffs' furnace. Defendants deny that Vitorelo issued additional violations against plaintiffs by way of the Activity Log.

46. Answering the allegations contained in Paragraph 56, defendants deny that the citations were issued absent personal observation of those items. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

47.     Answering the allegations contained in Paragraph 57, defendants admit that Vitorelo inspected plaintiffs' windows on or about September 21, 2006 and that he did not final the permit for those windows because they failed to meet egress requirements. Defendants admit that Vitorelo told plaintiffs that they would need to replace the windows in order to obtain a final permit and that any further questions should be directed to Jack Aiello, his supervisor. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

48.     Answering the allegations contained in Paragraph 58, defendants admit that permit number BLD2004-00624 was issued on April 20, 2004 to Elizabeth Borregard by Chris Valley and that the Building Department's Activity Log does not show any further action on that permit until August 14, 2006. Defendants admit that the California Building Code states that permits expire 180 days after issuance. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

49.     Answering the allegations contained in Paragraph 59, Defendants admit that Inspector Vitorelo sent plaintiffs a letter dated October 2, 2006 stating that Inspector Vitorelo and the Building Department had directed the San Carlos Finance Department to bill plaintiff for what the correspondence stated was a "December 19, 2005 inspection". This was a typographical error – there was no December 19, 2005 inspection, only a December 13, 2005 inspection. Defendants deny the remaining allegations contained therein.

50.     Answering the allegations contained in Paragraph 60, Defendants allege that they are without sufficient information or belief to enable them to answer the allegations of said paragraph and, basing their denial on that ground, deny each and every allegation contained therein.

8

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No.  C 07-06086 MMC

1    51.    Answering the allegations contained in Paragraph 61, Defendants admit that Inspector Vitorelo sent plaintiffs a letter dated January 12, 2007 stating that Inspector Vitorelo and the Building Department had directed the San Carlos Finance Department to bill plaintiff for what the correspondence stated was a "December 19, 2005 inspection". This was a typographical error – there was no December 19, 2005 inspection, only a December 13, 2005 inspection. Defendants deny that the correspondence did not identify the amount of the fee, the due date or where to send the payment and deny that there was no reference to additional consequences. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations in this paragraph and, basing their denial on that ground, deny each of those remaining allegations.

52.    Answering the allegations contained in Paragraph 62, defendants admit that plaintiffs presented a written complaint to the City about a City employee's behavior towards them. Defendants admit that Jack Aiello directed them to do so. Defendants admit that plaintiffs were likely not updated on the status of their complaint because it was handled as a confidential personnel matter. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

53.    Answering the allegations contained in Paragraph 63, defendants admit that Linda Noeske sent May 23, 2007 correspondence to plaintiffs on behalf of the City, stating that plaintiffs had failed to correct numerous code violations observed by Vitorelo that constituted a public nuisance. Defendants deny that Vitorelo searched plaintiffs' residence on December 19, 2005.

54.    Answering the allegations contained in Paragraph 64, Defendants allege that they are without sufficient information or belief to enable them to answer whether Ms. Noeske's letter provided plaintiffs with first notice that the violations on their property constituted a "public nuisance" and, basing their denial on that ground, deny each and every other allegation contained therein.

9

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No. C 07-06086 MMC

1    55.   Answering the allegations contained in Paragraph 65, Defendants admit the language of San Carlos Municipal Code section 15.24.070.  Defendants deny the remaining allegations contained therein.

56.   Answering the allegations contained in Paragraph 66, Defendants admit that Mr. Howell sent Ms. Noeske a letter dated June 2, 2007, which included allegations of retaliation. Defendants deny the remaining allegations contained herein.

57.   Answering the allegations contained in Paragraph 67, Defendants admit that Mr. Howell's June 2, 2007 letter makes the claims contained herein.

58.   Answering the allegations contained in Paragraph 68, Defendants admit that Mr. Howell's June 2, 2007 letter makes the claims contained herein.

59.   Defendants admit the allegations in Paragraph 69.

60.   Answering the allegations contained in Paragraph 70, Defendants deny the implication that a code enforcement action is somehow different from a public nuisance complaint. Defendants admit the remainder of this paragraph.

61.   Answering the allegations contained in Paragraph 71, Defendants refer to the content of Mr. Lanzone's June 19, 2007 correspondence to Mr. Howell (Appendix L to Complaint) and admit that he used the language contained therein.  Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

62.   Answering the allegations contained in Paragraph 72, Defendants refer to the content of Mr. Lanzone's June 19, 2007 correspondence to Mr. Howell (appendix L to Complaint) and admit that he used the language contained therein.

63.   Answering the allegations contained in Paragraph 73, Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of

10

said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

64. Answering the allegations contained in Paragraph 74, defendants deny plaintiffs' claim of retaliation or that the Building Department initiated three separate actions with the Collection Bureau of America. Defendants admit the amount of money that was being sought by the Collection Agency. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

65. Defendants deny the allegations contained in Paragraph 75.

66. Answering the allegations contained in Paragraph 76, Defendants admit that Ms. Howell sent Jack Aiello and Mr. Lanzone the e-mail referenced herein. Defendants admit that the e-mail contains the content described in this Paragraph. Defendants allege that they are without sufficient information or belief to enable them to answer the remaining allegations of said paragraph and, basing their denial on that ground, deny each and every other allegation contained therein.

67. Answering the allegations contained in Paragraph 77, Defendants admit that Mr. Howell sent the June 28, 2007 letter to Mr. Lanzone. Defendants admit that Mr. Howell's letter contains the language referenced in this Paragraph.

68. Answering the allegations contained in Paragraph 78, Defendants admit that Mr. Lanzone sent Mr. Howell a letter dated July 5, 2007, which contains the language "the City's finance dept. had several of your overdue building permit fees on the books and routinely sent them out to this Collection Agency." Defendants admit that the letter contains the language "[w]hether you received prior notice of sent to collection is not really relevant" because "the matter has been assigned to my office for enforcement, and that includes collection of the past due fees." Defendants deny the remaining allegations contained in this paragraph.

11

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No.  C 07-06086 MMC

69. Answering the allegations contained in Paragraph 79, defendants admit that Mr. Lanzone's October 31, 2007 letter contained language stating that the City had offered mediation with the Chief Building Official and himself, which plaintiffs had chosen not to accept. Defendants deny the remaining allegations contained herein.

70. Answering the allegations contained in Paragraph 80, Defendants admit that an independent evaluation of the City's Building Department was commissioned by the City Council in 2004. Defendants deny the remaining allegations contained therein.

## FIRST CLAIM FOR RELIEF

**Violation of Civil Rights, 42 U.S.C. § 1983, through Violation of right to be Free from Unreasonable Searches –Against All Defendants**

71. Answering Paragraph 81 of the Complaint, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 80 as though fully set forth herein.

72. Defendants admit the allegations in Paragraph 82.

73. Defendants deny the allegations in Paragraphs 83 through 87.

## SECOND CLAIM FOR RELIEF

**Violation of Civil Rights, 42 U.S.C. § 1983, for Violation of right to Due Process Against All Defendants**

74. Answering Paragraph 88 of the Complaint, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 87 as though fully set forth herein.

75. Defendants admit the allegations in Paragraph 89.

76. Defendants deny the allegations in Paragraphs 90 through 93.

## THIRD CLAIM FOR RELIEF

**Violation of Civil Rights, 42 U.S.C. § 1983, through denial of Equal Protection Against All Defendants**

77. Answering Paragraph 94 of the Complaint, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 93 as though fully set forth herein.

78. Defendants admit the allegations in Paragraph 95.

79. Defendants deny the allegations in Paragraphs 96 through 99.

## FOURTH CLAIM FOR RELIEF

**Violation of Civil Rights, 42 U.S.C. § 1983, in Retaliation for Exercise of Free Speech and Association and Right to Petition - Against All Defendants**

80. Answering Paragraph 100 of the Complaint, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 99 as though fully set forth herein.

81. Defendants admit the allegations in Paragraph 101.

82. Defendants deny the allegations in Paragraphs 102 through 105.

## FIRST AFFIRMATIVE DEFENSE

These answering defendants allege that the complaint fails to state a cause of action against these answering defendants.

## SECOND AFFIRMATIVE DEFENSE

These answering defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these defendants are liable to plaintiffs, then these defendants allege that plaintiffs were also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these defendants must be reduced by that percentage which reflects the comparative fault of others.

## THIRD AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiffs acted with full knowledge of all the facts and circumstances surrounding their claimed injuries and damages and that said matters of which plaintiffs assumed the risk proximately contributed to and proximately caused their alleged injuries and damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

These answering defendants allege their acts were privileged.

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No. C 07-06086 MMC

## FIFTH AFFIRMATIVE DEFENSE

These answering defendants allege that at all times relevant herein, defendants acted without malice and with probable cause.

## SIXTH AFFIRMATIVE DEFENSE

These answering defendants allege that each of the acts alleged to have been committed by the individual defendants were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

These answering defendants allege that the acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts neither were illegal and/or unconstitutional nor were said acts clearly violative of plaintiffs' rights at the time they were committed.

## EIGHTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiffs were guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the loss and damages complained of, and plaintiffs' willful and gross behavior either bars or reduces any potential recovery.

## NINTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiffs by their own conduct, induced and intentionally caused and brought about the conduct of which plaintiffs complain, and the loss and damages complained of, and plaintiffs' intentional conduct either bars or reduces any potential recovery.

## TENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiffs consented to the acts complained of in the amended complaint and that said consent was both express and implied.

**ELEVENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs' action is barred by virtue of the provisions of the California Tort Claims Act, including, but not limited to, Government Code §§ 815, 815.2, 815.3, 818, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 820.9, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 835.4, 905, 910, 911.2, and 945.6.

**TWELFTH AFFIRMATIVE DEFENSE**

These answering defendants alleges that the amended complaint, and each cause of action therein, is barred by the statutes of limitations set forth in the Code of Civil Procedure §§ 313 through 349.4 including, but not limited to, §§ 335.1 and 342.

**THIRTEENTH AFFIRMATIVE DEFENSE**

These answering defendants contend that plaintiffs' cause of action is barred by virtue of the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs have failed to mitigate the alleged damages, if any, which they claim to have sustained, and their recovery, if any, should be barred or diminished accordingly.

**FIFTEENTH AFFIRMATIVE DEFENSE**

These answering defendants contend that plaintiffs' action is frivolous, unreasonable and without foundation and therefore defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These answering defendants contend that plaintiffs' action is barred by the doctrine of *res judicata* and that certain claims pursued herein are barred by the doctrine of *collateral estoppel*.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

These answering defendants allege that plaintiffs' claim for damages is barred to the extent of any damages incurred more than six months prior to the filing of his claim pursuant to the

DEFENDANTS' AMENDED ANSWER TO COMPLAINT; Case No. C 07-06086 MMC

California Government Code §900 et seq., and particularly §§ 905, 910, 911.2, 911.4, 945.6 and 946.6.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These answering defendants allege that plaintiffs have waived their right to maintain the action filed in this case.

WHEREFORE, these answering defendants pray that plaintiffs take nothing by their complaint, for costs of suit herein, and for such other and further relief as to the Court may seem reasonable and proper.

DATE: January 9, 2008

HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master.
Joseph C. Howard, Jr.
Todd H. Master
Attorneys for Defendants
KENNETH VITORELO, JACK AIELLO
and CITY OF SAN CARLOS

### NOTICE OF INTENT TO SEEK ATTORNEYS' FEES

TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants contend that plaintiffs' complaint was not filed nor maintained in good faith or with reasonable cause and that these defendants are entitled to and intend to seek reasonable attorneys' fees from the plaintiffs and from plaintiffs' attorney of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

DATE: January 9, 2008

          HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master.
Joseph C. Howard, Jr.
Todd H. Master
Attorneys for Defendants
KENNETH VITORELO, JACK AIELLO
and CITY OF SAN CARLOS

### JURY DEMAND

These answering Defendants hereby demand a trial by jury in this action.

DATE: January 9, 2008

          HOWARD ROME MARTIN & RIDLEY LLP

By: /s/ Todd H. Master.
Joseph C. Howard, Jr.
Todd H. Master
Attorneys for Defendants
KENNETH VITORELO, JACK AIELLO
and CITY OF SAN CARLOS

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715