**JOSEPH C. HOWARD, JR. [SBN: 050784]**
**TODD H. MASTER [SBN: 185881]**
**HOWARD ROME MARTIN & RIDLEY LLP**
1775 Woodside Road, Suite 200
Redwood City, CA 94061
Telephone: (650) 365-7715
Facsimile: (650) 364-5297

Attorneys for Defendants KENNETH VITORELO, JACK AIELLO and CITY OF SAN CARLOS

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. HOWELL and SHELLEY H.K. HOWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>KENNETH VITORELO, individually and in his capacity as a San Carlos Building Inspector; JACK AIELLO, individually and in his capacity as the San Carlos Building Official; CITY OF SAN CARLOS,<br><br>Defendants. | Case No. C 07-06086 MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO HAVE AVERMENTS IN DEFENDANTS' ANSWER DEEMED ADMISSIONS AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>**Date:** **February 8, 2008**<br>**Time:** **9:00 a.m.**<br>**Courtroom:** **7**<br>**Judge:** **Hon. Maxine M. Chesney** |

Defendants CITY OF SAN CARLOS, JACK AIELLO and KENNETH VITORELO, submit the following points and authorities in opposition to plaintiffs' Motion to Have Averments in Defendants' Answer Deemed Admissions and to Strike Defendants' Affirmative Defenses.

/ / /

/ / /

/ / /

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

**I.**

**PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint against Defendants on December 3, 2007. On December 18, 2007, the City Attorney sent plaintiffs a letter, advising them that they had not properly served with the City or the individual defendants. See December 18, 2007 letter from Robert Lanzone to Jeffrey A. Howell and Shelley H. Howell, attached as Exhibit "A" to Declaration of Todd H. Master. On December 20, 2007, Jeffrey Howell directed a letter to Mr. Lanzone, advising Mr. Lanzone that he and his wife were prepared to file a Motion for Default Judgment if defendants did not file their Answer by December 24, 2007. See December 20, 2007 letter from Jeffrey Howell to Robert Lanzone, attached as Exhibit "B" to the Declaration of Todd H. Master.

While defendants disagreed with plaintiffs' position on the service issue, they did not wish to fight such a Motion. Defendants thus filed their Answer to Plaintiffs' Complaint on December 21, 2007 [Document No. 8]. Plaintiffs thereafter filed the instant motion.

On January 9, 2008, pursuant to FRCP 15(a), defendants filed an Amended Answer, which addressed plaintiffs' concerns about defendants' initial response to a number of the allegations set forth in their Complaint [Document No. 12].

**II.**

**ARGUMENT**

**A. The Filing of the Amended Answer Renders Plaintiffs' Motion Moot**

Plaintiffs' motion was filed in response to the Answer filed by defendants on December 21, 2007 [Document No. 8]. Since the filing of plaintiffs' motion, defendants have filed an Amended Answer, which responds to a number of the concerns raised by plaintiffs in their motion, rendering that motion moot.

2

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO HAVE AVERMENTS IN DEFENDANTS' ANSWER DEEMED ADMISSIONS AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
Case No. C 07-06086 MMC

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

**B. Defendants' Affirmative Defenses Should Not Be Stricken**

To the extent the Court deems it appropriate to rule on plaintiffs' motion as it applies to defendants' claimed affirmative defenses, defendants respond as follows.

Under FRCP 12(f), the Court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1527. Rule 12(f) motions are generally "disfavored" because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Schwarzer, et al., *Federal Civil Procedure* § 9:375 (2006).

In asserting their affirmative defenses, defendants have complied with FRCP 8(b), which required them to "state in short and plain terms the party's defenses top each claim asserted." The affirmative defenses give plaintiffs fair notice of the defenses being advanced by defendants at this early stage of the litigation.

**1. Defendants' First Affirmative Defense is Proper**

FRCP 12(b) states that "[e]very defense, in law or fact, to a claim for relief in any pleading … shall be asserted in the responsive pleading thereto if one is required… ." FRCP goes on to state that the pleader (here, defendant), has the *option* of making one of seven defenses (including failure to state a claim for which relief can be granted) by way of motion. Defendants are not foreclosed from asserting this affirmative defense in an Answer. FRCP 12(h)(2).

**2. The Other Affirmative Defenses Identified in Plaintiffs' Motion are Proper**

Because affirmative defenses may be waived if not pled, it is incumbent on defendants to plead affirmative defense and, at the conclusion of discovery (prior to trial), determine whether or

3

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO HAVE AVERMENTS IN DEFENDANTS' ANSWER DEEMED ADMISSIONS AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
Case No. C 07-06086 MMC

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

not there is merit to the initial pleading. At this early stage of the case, defendants are not in a position to know what the true allegations will be in this case. Plaintiffs are representing themselves in a dispute over the City's enforcement of its Building Code. Defendants have pled, in an abundance of caution, affirmative defenses that they believe may apply in the instant case based on the facts known thus far. The Answer must contain any affirmative defenses that defendants may have to claim because if they are not pled, they are deemed waived. See State of Arizona v. State of California (2000) 530 U.S. 392, 410. Defendants will not be in a position to know whether there is a factual basis to support these affirmative defenses until the plaintiffs have been deposed and discovery has been completed. At this stage, it cannot be said that there is no issue of fact or law that would allow the referenced affirmative defenses to succeed, nor is there any suggestion that plaintiffs would somehow be prejudiced by the inclusion of these affirmative defenses in the Answer.

## III.

## CONCLUSION

Plaintiffs' motion was rendered moot by the timely filing of defendants' Amended Answer. To the extent that the Court wishes to examine plaintiffs' claims concerning the affirmative defenses raised in the Answer, defendants contend that plaintiffs' motion is factually and legally devoid of merit. Defendants respectfully request that the Court deny this motion in its entirety.

Date: January 17, 2008

HOWARD ROME MARTIN & RIDLEY LLP

By: ______________________
Todd H. Master
Attorneys for Defendants
KENNETH VITORELO, JACK AIELLO
and CITY OF SAN CARLOS

4

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO HAVE AVERMENTS IN DEFENDANTS' ANSWER DEEMED ADMISSIONS AND TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES;
Case No. C 07-06086 MMC